495 S.E.2d 431

**Edmund R. TAYLOR, M.D., individually, and on behalf of all others similarly situated, Appellant,**

**v.**

**RICHLAND MEMORIAL HOSPITAL and Baptist Healthcare System of South Carolina, Inc., Respondents.**

No. 24739.

Supreme Court of South Carolina.

Heard June 18, 1997.

Decided Jan. 12, 1998.

48

William L. Pope, Roy F. Laney, both of Pope & Rodgers, Columbia, for Appellant.

Charles E. Carpenter, Jr., of Richardson, Plowden, Carpenter, & Robinson, P.A., Columbia, for Respondent Richland Memorial Hospital and Harry M. Lightsey, Jr. and M. Craig Garner, both of McNair Law Firm, Columbia, for Respondent Baptist Healthcare System of South Carolina, Inc.

Jay Bender, Susan Drake Dubose, both of Baker, Barwick, Ravenel & Bender, L.L.P., Columbia, for Amicus Curiae Julius Murray.

FINNEY, Chief Justice:

Edmund R. Taylor, Appellant, appeals the circuit court's order granting summary judgment in favor of Respondents Richland Memorial Hospital and Baptist Healthcare System of South Carolina (Baptist). We affirm.

Richland Memorial is a political subdivision of Richland County. Baptist is a non-governmental, non-profit corporation. Both operate hospital and health care facilities in Richland County. Richland Memorial and Baptist have entered into an agreement creating BR Health System, Inc. (System) as a new non-governmental, non-profit corporation which will take over and operate the hospital facilities of both parties. Richland Memorial and Baptist will convey substantially all of

their operating assets to the System; Richland Memorial, Baptist, and Richland County will lease to the System all land and buildings involved in hospital operations; and Richland County will quitclaim to the System any personal property owned by Richland County and used to operate Richland Memorial. The System will pay rent under the leases, assume all financial and other obligations of Richland Memorial and Baptist, and assume Richland County's obligations for indigent health care. Richland County Council approved the agreement by Ordinance No. 044–96HR.

Appellant filed a declaratory judgment action in circuit court to determine whether the proposed alliance between Richland Memorial and Baptist is permissible under Article X, § 11 of the S.C. Constitution. All parties filed summary judgment motions. Following a hearing, the circuit court denied Appellant's motion for summary judgment and granted the hospitals' motions for summary judgment.

The sole issue before this Court is whether the ordinance approving the proposed alliance between Richland Memorial Hospital and Baptist Healthcare violates Article X, § 11 of the South Carolina Constitution?

S.C. Const. art. X, § 11 provides in pertinent part: "Neither the State nor any of its political subdivisions shall become a joint owner of or stockholder in any company, association, or corporation."

Appellant contends the agreement creates a joint venture in violation of Article X, § 11 because under the proposed alliance a governmental body will be transferring taxpayer assets to a private corporation over which the government will have a vote but not control of the assets. Appellant reasons that once Richland Memorial invests substantial assets it will lose absolute control of those assets which will then be controlled according to the joint operating agreement.

Article X, § 11 prohibits governmental entities from becoming either 1) a joint owner of or 2) a stockholder in a private company, association, or corporation.[1] Not every joint en-

---

1. The circuit court found Richland Memorial's membership in the System would not violate the stock ownership aspect of Article X, § 11 and Appellant concedes this is not an issue in this case.

deavor between a public entity and private business is constitutionally prohibited. *See Gilbert v. Bath,* 267 S.C. 171, 227 S.E.2d 177 (1976); *Chapman v. Greenville Chamber of Commerce,* 127 S.C. 173, 120 S.E. 584 (1923). We have approved arrangements where governmental entities leased assets to private entities without finding a violation of the joint ownership clause. *Johnson v. Piedmont Mun. Power Agency,* 277 S.C. 345, 287 S.E.2d 476 (1982); *Gilbert v. Bath, supra; Chapman, supra.*

The circuit court held Richland Memorial's involvement with the System as a lessor of real property, transferor of personal property, or member in the System does not violate the joint ownership clause. Further, the circuit court concluded that because Richland County will not be liable for the System's obligations and the System will not have the powers to tax and to pledge the full faith and credit of any political entity, this alliance does not create a risk that any losses will be shifted to the public. We agree. Richland Memorial will not retain a partial interest in the personal property because it will quitclaim to the System. The System will have exclusive title to the assets following the transfer. The real property lease agreement between the System, Richland County, and Richland Memorial to be executed at closing describes the relationship as that of landlord and tenant. While Richland Memorial will be represented on the BR System's board, Richland Memorial will not have control over the System's operations.

The intent of Article X, § was to "prevent the state from entering into business hazards which might involve obligations upon the public." *Chapman, supra.* There is no evidence the proposed alliance will run afoul of this constitutional provision.

The circuit court properly found the county ordinance approving the alliance does not violate Article X, § 11. *See Bolt v. Cobb,* 225 S.C. 408, 82 S.E.2d 789 (1954) (legislative enactment will not be held unconstitutional unless it is clearly improper beyond a reasonable doubt).

AFFIRMED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.